**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph Wayne KING, Defendant-Appellant.**

**No. 72–2222.**

United States Court of Appeals, Sixth Circuit.

Argued April 10, 1973.

Decided June 29, 1973.

Certiorari Denied Dec. 3, 1973.
See 94 S.Ct. 594.

A. Duane Schwartz, Asst. U. S. Atty., for defendant-appellant; George J. Long, U. S. Atty., Louisville, Ky., on brief.

Stuart L. Lyon, Louisville, Ky., for plaintiff-appellee.

Before PECK, McCREE and MILLER, Circuit Judges.

WILLIAM E. MILLER, Circuit Judge.

Defendant was charged with violations of various federal statutes, *inter alia* 18 U.S.C. §§ 842(h), 844(a), 844(f) and 844(i), arising from an incident in Louisville, Kentucky when a high school was damaged by the use of stolen explosives. At the time of the alleged offense the defendant was 17 years of age, and he consented to be tried as a juvenile delinquent under the provisions of the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031–5037. After a trial before the district court without a jury,

the court found the defendant to be a juvenile delinquent and committed him for the duration of his minority under the Act, 18 U.S.C. § 5034.[1] In the court below the defendant challenged the constitutionality of the Act upon the ground that it required him as a condition to being tried under the Act rather than as an adult offender to waive any right to be tried by a jury. Although he consented to be tried under the Act, he effectively preserved (at least we so assume since it is not questioned by the appellee) the right to raise the constitutional issue on appeal. We are urged to hold that the Federal Juvenile Delinquency Act is unconstitutional insofar as it requires a juvenile to waive a jury trial as a condition to receiving the benefits of the Act.

■ This contention is supported, as far as we have been able to discover, only by the ruling of a 3-judge district court in Nieves v. United States, 280 F. Supp. 994 (S.D.N.Y.1968). It was held in that case that a juvenile charged with violating statutes regulating marijuana who sought to gain the privileges granted by the Federal Juvenile Delinquency Act but was thereby required to waive a trial by jury was faced with an impermissible choice. The waiver was thus found to be invalid. The ruling in Nieves was predicated upon the sixth amendment inasmuch as the court equated a proceeding under the Federal Juvenile Delinquency Act with a criminal prosecution. However, as pointed out by the district court in the present case, Nieves was decided before the decision of the Supreme Court in McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). In that case the Court sustained the constitutionality of the Juvenile Delinquency statute of Pennsylvania which was challenged on the ground that it dispensed with jury trials in proceedings under the Act. It is true that McKeiver directly dealt only with the question in terms of the impact of the due process clause of the fourteenth amendment upon the states, but an examination of the principal opinion, as well as the concurring opinions, indicates that the Court regarded the juvenile delinquency law under consideration, which was not significantly different from the federal statute, as not being of a criminal nature so as to invoke all of the protections required in a criminal prosecution. On the contrary, the Court regarded juvenile delinquency proceedings to be of a distinctive character not requiring all of the formalities of the criminal adjudicative process. The Court specifically recognized its prior rulings requiring certain specific safeguards for the defendant in state juvenile delinquency proceedings, including Haley v. Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948), (dealing with admissibility of a confession taken from a 15-year old boy on trial for first degree murder); Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), (involving the question of waiver of jurisdiction by a juvenile court after a full investigation as permitted by the applicable statute); In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), (holding that due process required in state delinquency proceedings, adequate notice, the right to counsel, the right of confrontation and the right of cross-examination); and In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), (holding that the due process clause requires in state delinquency proceedings proof beyond a reasonable doubt of every fact necessary to constitute the crime with which the delinquent is charged). Nevertheless, the Court made clear that these rulings dealt with selective aspects of the due process clause and were not determinative of the right to trial by jury in juvenile delinquency proceedings. We think it is clear from the result reached in McKeiver and the rationale of the various opinions in that case that the Supreme Court would ap-

1. His commitment as a juvenile delinquent was for a shorter period than the maximum that could have been imposed if he had been tried as an adult.

ply the same principles to the Federal Juvenile Delinquency Act and hold that its requirement for waiver of jury trial is not prohibited by any provision of the Bill of Rights, including the sixth amendment.[2]

This conclusion is fortified by the character of the Federal Act which was enacted as far back as 1948. A "juvenile" is defined under the Act as any person who has not attained his eighteenth birthday; and "juvenile delinquency" is defined as the violation of a law of the United States committed by a juvenile and not punishable by death or life imprisonment. 18 U.S.C. § 5031. Unless the Attorney General in his discretion has expressly determined otherwise, a juvenile alleged to have committed one or more acts in violation of a federal law not punishable by death or life imprisonment shall be proceeded against as juvenile delinquent "if he consents to such procedure." In that event he shall be proceeded against by information and no criminal prosecution shall be instituted for the alleged violation. 18 U.S.C. § 5032. District courts are given jurisdiction of such proceedings and may be convened at any time or place within the district, in chambers or otherwise, and the proceedings shall be without a jury. The judge is required fully to apprise the juvenile of his rights and of the consequences of his consent. It is provided that the consent shall be deemed to be a waiver of trial by jury. 18 U.S.C. § 5033. The judge is vested with wide latitude in imposing sentence. He may place the delinquent on probation for a period not exceeding his minority, or commit him to the custody of the Attorney General for a like period. It is specifically provided that such commitment shall in no event exceed the term which might have been imposed had the juvenile been tried and convicted of the alleged violation. The Attorney General may designate any public or private agency or foster home for the custody, care, subsistence, education and training of the juvenile during the period for which he was committed. Provision is also made for the court to obtain more detailed information before imposing sentence by committing the delinquent to the custody of the Attorney General at an appropriate classification center or agency. 18 U.S.C. § 5034. Elaborate provision is made to separate the juvenile delinquent after arrest from adult prisoners and to afford facilities for confinement in juvenile or foster homes and not in jails or similar places of confinement. 18 U.S.C. §§ 5035 and 5036. An important provision is that release on parole may be granted at any time in the discretion of the Board of Parole. 18 U.S.C. § 5037.

■■ It is thus clear that proceedings under the Federal Juvenile Delinquency Act have many important characteristics distinguishing them from an ordinary criminal prosecution and we are convinced that the logic of the *McKeiver* decision requires us to hold that the Act is not unconstitutional. The principal purpose of the Federal Act is not punishment in the criminal sense but rehabilitation of the youthful offender. It has been held that a proceeding under this chapter results in an adjudication of a status rather than in a conviction for a crime with the stigma that would attach to such conviction. United States v. Borders, 154 F.Supp. 214 (1957) aff'd. 256 F.2d 458 (5th Cir. 1958). The constitutionality of the Act was specifically upheld by the Eighth Circuit against the same challenge as presented here in Cotton v. United States, 446 F.2d 107 (8th Cir. 1971). We find that the defendant's consent to be tried under the Act was intelligently

2. Indeed, in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the Supreme Court held that since trial by jury in criminal cases is fundamental to the American scheme of justice the fourteenth amendment guarantees a jury trial in such cases which, were they tried in federal court, would come within the sixth amendment.

and voluntarily given and that the Act itself is free from constitutional infirmity.

The judgment of the district court is therefore affirmed.