UNITED STATES of America,
Plaintiff-Appellee,

v.

Dennis Louis HAYES,
Defendant-Appellant.

No. 78–2319.

United States Court of Appeals,
Ninth Circuit.

Jan. 26, 1979.

John J. Robinson, Asst. U. S. Atty. (on the brief), Michael H. Walsh, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

James A. Hutchens, San Diego, Cal., for defendant-appellant.

Before HUFSTEDLER and WALLACE, Circuit Judges, and WHELAN,* District Judge.

HUFSTEDLER, Circuit Judge:

The novel issue raised on this appeal is whether, under section 5032 of the Federal Juvenile Delinquency Act ("FJDA", 18 U.S.C. § 5032), the district court has discretion to reject the tendered admission of the juvenile delinquency information before a transfer motion has been filed. We hold that the district court has discretion to re-

* Honorable Francis C. Whelan, Senior United States District Judge, Central District of California, sitting by designation.

ject the tender and that the court did not abuse its discretion under the circumstances of this case. Accordingly, we affirm Hayes' criminal conviction for bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d).

On January 31, 1978, Hayes and his two co-defendants robbed a bank in California. Before Hayes left the bank, the bank alarm was sounded, and he and his confederates were captured. At the time of the offense, Hayes was 17 years old. On February 1, 1978, a juvenile delinquency information was filed charging him with two counts of bank robbery. At the same time, the Government filed the requisite certification reporting the refusal of the State of California to assume jurisdiction over Hayes. On February 13, 1978, Hayes attempted to admit the averments of the information. The Assistant United States Attorney told the court that the Government intended to move to transfer the proceedings for adult prosecution and that he was awaiting permission from the Department of Justice to make the motion.[1] The district court declined the tendered admission and, over objection, continued the matter to February 21, 1978. On the continued date, Hayes again tried to enter an admission. The Assistant United States Attorney told the court that approval for the transfer motion had been received from the Department of Justice by telephone, but written confirmation had not yet been received. The district court denied the tender and continued the matter to February 23, 1978, for a hearing.

In the interim the transfer motion was filed. Following an evidentiary hearing on February 23 and 27, 1978, the district court found that the transfer was in the interests of justice and granted the motion. Thereafter, a superseding indictment was filed charging Hayes as an adult with two counts of bank robbery. On April 25, 1978, Hayes waived jury trial, and the case was submitted on stipulated facts to preserve the issues for appeal. Hayes was found guilty as charged, and this appeal followed.

Hayes contends that the district court was required to accept his admission of the charges in the juvenile information. He argues that the filing of the information is an irrevocable election to proceed against Hayes as a juvenile and that FJDA § 5032 does not give the district court discretion to reject the juvenile's offer to plead.

■ Hayes' first argument is defeated by the language of the statute. The filing of a juvenile information is an essential step in the process by which the qualifying juvenile can be proceeded against as a juvenile or ultimately, following the grant of a transfer motion, as an adult. After the antecedent steps have been taken, including the filing of a juvenile information, the Attorney General may elect to file a motion to transfer the juvenile for prosecution as an adult. The statute permits a counseled juvenile to request trial as an adult, but it does not give the juvenile any right to insist upon being tried as a juvenile.[2]

1. Under section 5032, authority to file a motion to transfer a juvenile for prosecution as an adult is given to the Attorney General. The authority has been delegated to the Assistant Attorney General and his deputies, but it has not been delegated to United States Attorneys. (28 C.F.R. § 0.57.)

2. Before juvenile delinquency proceedings can be commenced in the federal courts, section 5032 requires the Attorney General to certify to the district court that the juvenile court or other appropriate state court does not have, or refuses to assume jurisdiction over the juvenile, or the state court does not have available programs and services adequate for the needs of juveniles.

"  .    .    .

"If an alleged juvenile delinquent is not surrendered to the authorities of a State   .    .    . [t]he Attorney General *shall proceed by information*, and no criminal prosecution shall be instituted for the alleged act of juvenile delinquency except as provided below.

"A juvenile who is alleged to have committed an act of juvenile delinquency and who is not surrendered to State authorities shall be proceeded against under this chapter unless he has requested in writing upon advice of counsel to be proceeded against as an adult, except that, with respect to a juvenile sixteen years and older alleged to have committed an act after his sixteenth birthday which if committed by an adult would be a felony punishable by a maximum penalty of ten years imprisonment or more, life imprisonment, or death, *criminal prosecution* on the basis of the alleged act *may*

Although FJDA does not expressly confer either a right of a juvenile to tender an admission to the information or discretion on the district court to accept or reject an offered admission, both rights are implied. Although juvenile proceedings under FJDA are in many ways distinguishable from adult criminal prosecutions, the tendered admission to a delinquency information is analogous to the offer of a guilty plea in a criminal prosecution. Nothing in the statute suggests that Congress intended to deny a juvenile the right to offer a "plea." Nor can we find anything in the statute or its legislative history to suggest that Congress intended to give the district judge less discretionary latitude in accepting or rejecting a delinquency plea than the court is given in performing a similar function in connection with a criminal prosecution. Rather, the statute expressly confers considerable discretionary authority on the district court in such critical phases of the proceedings as the motion to transfer. Although the juvenile has a right to tender a plea in a juvenile proceeding, the district court has reasoned discretion in accepting or rejecting a tendered admission. (*Cf. United States v. Rombom* (S.D.N.Y.1976) 421 F.Supp. 1295.)

The district court did not abuse its discretion in refusing to accept the plea under the circumstances of this case. At the time Hayes last tendered his plea, the court knew that a request for authority to move to transfer Hayes for adult prosecution was pending in the Department of Justice. The court also knew that an acceptance of the plea would thwart the transfer motion if the Attorney General authorized the motion. ("Once a juvenile has entered a plea of guilty . . . subsequent criminal prosecution or judicial proceedings based upon such alleged act of juvenile delinquency shall be barred." FJDA § 5032.) Moreover, the court was aware that, if a transfer motion were filed, the statute gave the court discretion to grant or to deny the transfer motion, following a full evidentiary hearing mandated by the statute. In refusing to accept the plea at the time it was offered, the district court did not foreclose the renewal of the offer in the event that the filing of the transfer motion was unduly delayed or, if the motion were filed, as one of the factors to be taken into account in granting or denying the transfer motion. (*Cf. United States v. Rombom, supra,* 421 F.Supp. 1295.)

The court did not abuse its discretion in continuing the proceedings for nine days, while awaiting confirmation of authority to file the transfer motion.[3]

AFFIRMED.

---

be begun by motion to transfer of the Attorney General in the appropriate district court of the United States, if such court finds, after hearing, such transfer would be in the interest of justice.

"Evidence of the following factors shall be considered, and findings with regard to each factor shall be made in the record, in assessing whether a transfer would be in the interest of justice: *the age and social background of the juvenile;* the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's present intellectual development and psychological maturity; the nature of past treatment efforts and the juvenile's response to such efforts; the availability of programs designed to treat the juvenile's behavioral problems.

". . .

"Once a juvenile has entered a plea of guilty or the proceeding has reached the stage that evidence has begun to be taken with respect to a crime or an alleged act of juvenile delinquency subsequent criminal prosecution or juvenile proceedings based upon such alleged act of delinquency shall be barred.

". . ." (18 U.S.C. § 5032) (Emphasis added.)

**3.** The record of the transfer proceeding amply supports the district court's determination that the transfer motion should be granted. Hayes does not contend otherwise. At the time of the offense, Hayes was a Third Class Petty Officer in the Navy. His intellectual development was well above average, and he had been selected for various specialized Navy programs. Hayes was armed during the bank robbery, and no extenuating circumstances were revealed during the evidentiary hearing anteceding the grant of the transfer motion.