**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John DOE, Defendant-Appellant.**

**No. 80–1075.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 30, 1980.

Decided Sept. 5, 1980.

E. G. Iredale, Asst. Federal Public Defender, San Diego, Cal., argued, for defendant-appellant.

Roger W. Haines, Asst. U. S. Atty., argued, Michael H. Walsh, U. S. Atty., David C. Doyle, Asst. U. S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

Before SKOPIL and FERGUSON, Circuit Judges, and EAST,* District Judge.

FERGUSON, Circuit Judge:

Defendant John Doe, a juvenile entitled to anonymity, appeals from his adjudication as a juvenile delinquent following a non-jury trial. Doe argues that the district court's denial of his request to be proceeded against as an adult violated both his statutory and his constitutional right to a jury trial. We reverse Doe's juvenile delinquency adjudication and remand for a jury trial.

I.

Doe was arraigned on December 20, 1979 on a complaint of juvenile delinquency pursuant to 18 U.S.C. § 5032, based on an underlying charge of illegal entry into the United States under 8 U.S.C. § 1325. On December 21, 1979, the United States filed a juvenile delinquency information accompanied by the required certification as to the unavailability of state jurisdiction.

Doe appeared in district court on January 2, 1980, at which time the court granted a continuance, and again on January 7, 1980, at which time the court set motions for January 14, 1980 and trial for January 15, 1980.

On January 14, 1980, Doe filed a motion to dismiss the juvenile delinquency information because of four alleged violations of the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031–5042 ("FJDA").[1] Following the district court's denial of this motion, Doe filed a request to be proceeded against as an adult, pursuant to 18 U.S.C. § 5032, and a demand for jury trial. The court denied Doe's request, stating that the election to proceed as an adult had to be made within a reasonable and short period of time after the juvenile's initial appearance in federal district court.

On January 15, 1980, the day of the trial, the United States filed a superseding information which contained an additional charge under 8 U.S.C. § 1325 relating to eluding examination and inspection. Following Doe's denial of juvenile delinquency, the case was tried before the court without a jury. The court adjudged Doe a juvenile delinquent and sentenced him to unsupervised probation for the remainder of his minority.

II.

Under § 5032 of the 1974 amendments to the FJDA, Pub.L.No.93–415, a person under the age of 18[2] who is not surrendered to state authorities is proceeded against as a juvenile "unless he has requested in writing upon advice of counsel

---

* The Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation.

1. Doe alleged that the following actions violated the FJDA:

(1) the State of California's blanket refusal to accept jurisdiction in cases involving alien juveniles;

(2) the arresting officer's failure to inform Doe's parents of his rights as a juvenile and the nature of the alleged offense;

(3) the provision of inadequate housing at the Metropolitan Correctional Center; and

(4) the taking of fingerprints and photographs without a written court order.

2. Section 5031, as amended in 1974, defines a juvenile as follows:

For the purposes of this chapter, a "juvenile" is a person who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday . . . .

to be proceeded against as an adult . . ."[3] If proceeded against under the FJDA, a juvenile has neither a constitutional right to a jury trial, *United States v. Hill,* 538 F.2d 1072, 1074–75 (4th Cir. 1976); *United States v. Cuomo,* 525 F.2d 1285, 1292 (5th Cir. 1976); *United States v. Torres,* 500 F.2d 944, 946–48 (2d Cir. 1974); *United States v. Salcido-Medina,* 483 F.2d 162, 164 (9th Cir.), *cert. denied,* 414 U.S. 1070, 94 S.Ct. 582, 38 L.Ed.2d 476 (1973); *United States v. James,* 464 F.2d 1228, 1229–30 (9th Cir.), *cert. denied,* 409 U.S. 1086, 93 S.Ct. 697, 34 L.Ed.2d 675 (1972); *see generally McKeiver v. Pennsylvania,* 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971), nor a statutory right to a jury trial, *United States v. Martin-Plascencia,* 532 F.2d 1316, 1318 (9th Cir.), *cert. denied,* 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976); *United States v. Cuomo, supra,* 525 F.2d at 1292–93; *United States v. Doe,* 385 F.Supp. 902, 905–07 (D.Ariz.1974). A juvenile who elects to be proceeded against as an adult, however, has a sixth amendment right to a jury trial in any case in which he is charged with an offense punishable by more than six months' imprisonment. *See Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). *See generally United States v. Duboise,* 604 F.2d 648, 652 (10th Cir. 1979); *United States v. Hill, supra,* 538 F.2d at 1075. Because the maximum penalty under 8 U.S.C. § 1325 is greater than six months, the defendant here would be entitled to a jury trial if tried as an adult for a violation of that provision.

 The government recognizes that a juvenile can request to be proceeded against as an adult under 18 U.S.C. § 5032 but argues that the district court properly denied Doe's request on the basis of untimeliness because Doe did not make the request until 27 days after arrest and 1 day prior to trial when he had already appeared in district court on two previous occasions. The government contends that such a request must be made no later than a defendant's first appearance in district court. We disagree.

Section 5032 makes no reference to either the timeliness of a juvenile's request or the court's discretion to grant or deny it. Nonetheless, we agree, with the government and the district court that a juvenile's request must be timely.

Doe's initial appearance to the information was January 2, 1980. On January 7, 1980, Doe's second appearance before the court, the court established a schedule for the filing and hearing of motions for January 14, 1980 and set the trial for January 15. To minimize any disruption to either the court docket or the prosecution's preparation, counsel for the defendant informed the clerk of the court five days before the trial date and within ten days after Doe's initial appearance that defendant intended to file a motion to dismiss the juvenile delinquency information. At the same time, the clerk was notified that if a motion to dismiss was denied, Doe would elect to proceed as an adult. On January 14 the motion to dismiss was heard and denied. Doe requested immediately that he be proceeded against as an adult. The court denied the request, but on the following day—the day of trial—the court did allow the United States to file a superseding information containing an additional charge.

 The trial court's power to administer the court calendar and to control the

---

**3.** Section 5032, as amended in 1974, provides in pertinent part as follows:

A juvenile who is alleged to have committed an act of juvenile delinquency and who is not surrendered to State authorities shall be proceeded against under this chapter unless he has requested in writing upon advice of counsel to be proceeded against as an adult . . . .

Prior to the 1974 amendments, the FJDA provided for trial of a juvenile as an adult unless the juvenile consented to be tried as a juvenile, in which case the juvenile was considered, under the statute, to have waived his right to a jury trial. *See United States v. Salcido-Medina,* 483 F.2d 162, 163 n..1 (9th Cir.), *cert. denied,* 414 U.S. 1070, 94 S.Ct. 582, 38 L.Ed.2d 476 (1973); *United States v. James,* 464 F.2d 1228, 1229 (9th Cir.), *cert. denied,* 409 U.S. 1086, 93 S.Ct. 697, 34 L.Ed.2d 675 (1972).

time and conduct of trial is broad. Scheduling of discovery, motions, and trial must be left to the discretion of trial judges. A trial judge's discretion must be guided by fairness and reason. Under the circumstances of this case we conclude that Doe's counseled written request was timely. It was an abuse of discretion for the trial judge to deny the request. Fairness and reason were not employed.

There is no case law discussing either when a juvenile must make the request

under § 5032 to be proceeded against as an adult or the extent of the court's discretion to deny such a request. A complete reading of § 5032, however, sheds some light on these questions. Another clause of § 5032, which appears in the same sentence as the provision in question here, provides for the transfer of a juvenile to adult status upon motion of the Attorney General. That clause expressly gives the district court discretion to grant or deny the motion to transfer and sets forth the factors to be considered in making that determination.[4]

---

4. Section 5032, as amended in 1974, provides in pertinent part as follows:

> A juvenile who is alleged to have committed an act of juvenile delinquency and who is not surrendered to State authorities shall be proceeded against under this chapter unless he has requested in writing upon advice of counsel to be proceeded against as an adult, except that, with respect to a juvenile sixteen years and older alleged to have committed an act after his sixteenth birthday which if committed by an adult would be a felony punishable by a maximum penalty of ten years imprisonment or more, life imprisonment, or death, criminal prosecution on the basis of the alleged act may be begun by motion to transfer of the Attorney General in the appropriate district court of the United States, if such court finds, after hearing, such transfer would be in the interest of justice.
>
> Evidence of the following factors shall be considered, and findings with regard to each factor shall be made in the record, in assessing whether a transfer would be in the interest of justice: the age and social background of the juvenile; the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's present intellectual development and psychological maturity; the nature of past treatment efforts and the juvenile's response to such efforts; the availability of programs designed to treat the juvenile's behavioral problems.

We interpreted the provisions regarding a motion to transfer in United States v. Hayes, 590 F.2d 309 (9th Cir. 1979). In that case, the government, from the outset of the proceeding, communicated to the district court its intention to seek a transfer of the juvenile to adult status. The government was delayed, however, in bringing the motion to transfer, while approval was sought from the Attorney General, as required under the statute. Before the government could file its transfer motion, the juvenile tendered an admission to the juvenile information. The court, realizing that such an admission (which is equivalent to a guilty plea in a

criminal prosecution) would, under the statute, bar any subsequent criminal prosecution, rejected the admission in anticipation of the filing of the transfer motion. This court upheld the district court's refusal to accept the plea, holding that the trial court had discretion under § 5032 to reject a tendered admission of a juvenile information before a transfer motion had been filed.

Although both parties to this action cite Hayes, we have determined that it does not support either of their positions. The government argues that because Hayes "strongly indicates" that the timeliness of the government's request to transfer may be considered in granting or denying the request, timeliness is also an appropriate consideration when a juvenile requests to be proceeded against as an adult. The government, however, has misread the particular passage in Hayes which it cites for that proposition. That passage states as follows:

> [I]n refusing to accept the plea at the time it was offered, the district court did not foreclose the renewal of the offer in the event that the filing of the transfer motion was unduly delayed or, if the motion were filed, as one of the factors to be taken into account in granting or denying the transfer motion.

United States v. Hayes, supra, 590 F.2d at 311 (citation omitted). A close reading reveals that the factor to be taken into account in granting or denying the transfer motion is either the offer to make a plea or the renewal of that offer, and not the delayed filing of the transfer motion.

Doe argues that if the filing of the government's motion to transfer 24 days after arrest was not untimely in Hayes, then the passage of 25 days between the initiation of Doe's prosecution and the filing of the written demand for a jury trial was, similarly, not untimely. The flaw in this argument is that the delay in Hayes, unlike the delay here, was not the result of a voluntary decision to postpone filing but, rather, was the result of a statutory requirement that the transfer motion be brought by

*See United States v. Hayes,* 590 F.2d 309 (9th Cir. 1979). The legislative history of section 5032 provides no explanation for Congress's decision not to give the district courts similar discretion with regard to a juvenile's request to be proceeded against as an adult.

Congress's failure to provide the district courts with discretion to grant or deny a juvenile's request suggests that courts should not impose a rigid time requirement for making that request, but, rather, that courts should allow a juvenile a reasonable time prior to trial to request trial as an adult. It was reasonable in this case for Doe to wait to file his request until after he had challenged the juvenile information. If he were required to make his request no later than his first appearance in district court, as the government urges, he would be forced to give up his right to challenge the juvenile information in order to secure a jury trial. The government has not presented us with persuasive reasons for requiring a juvenile to make that choice.

 That the government and the courts worked on an expedited basis to culminate motions and trial within 30 days[5] does not justify a denial of Doe's request. Doe's right under § 5032 to request trial as an adult does not depend on inconvenience to the government or to the courts. Nor can we see any reason to deny a juvenile's counseled request for a jury trial simply because he has been in a juvenile detention center, instead of an adult facility, for 27 days.[6] Because we interpret "proceeded against as an adult" to mean *tried* as an adult, for purposes of the provision at issue here, *see United States v. Duboise, supra,* 604 F.2d at 652; *United States v. Hayes, supra,* 590 F.2d at 310; *United States v. Hill, supra,* 538 F.2d at 1074, we do not consider Doe's *detention* as a juvenile to constitute any relinquishment of his right, upon counseled request, to be proceeded against as an adult. Finally, the argument that a juvenile should not be allowed to wait until the day before trial to request to be proceeded against as an adult is meaningless in this case: Because the trial judge set trial for one day after motions, the earliest time after the denial of his motion to dismiss at which Doe could make a request for a jury trial was the day before trial.[7]

The government's argument that Doe's motion was untimely is seriously undermined by its filing of a superseding information, and Doe's arraignment on that information, on the day of the trial. If the government can file an additional charge on the day of the trial, we cannot consider untimely a defendant's request for a jury trial one day prior to trial.

We note, lastly, that the district court has cited no compelling reason for denying Doe's request. In making that decision, the judge stated, "I'm just not of a mood to give him a jury trial. I don't think he's entitled to one under the law or the facts, either one." The record indicates that the judge assumed, incorrectly, that the statute granted him discretion to deny Doe's request. In light of the absence of any statutorily granted discretion and the judge's

---

the Attorney General. *See United States v. Hayes, supra,* 590 F.2d at 310 n. 1.

**5.** Section 5036 of the FJDA provides for the dismissal of a juvenile information "[i]f an alleged delinquent who is in detention pending trial is not brought to trial within thirty days from the date upon which such detention was begun . . . ."

**6.** Section 5035 of the FJDA provides that an alleged juvenile delinquent is to be "detained only in a juvenile facility or such other suitable place as the Attorney General may designate. . . . The Attorney General shall not cause any juvenile alleged to be delinquent to be detained or confined in any institution in which the juvenile has regular contact with adult persons convicted of a crime or awaiting trial on criminal charges. . . . ."

**7.** We note that counsel for the defendant did what he could to minimize any disruption to either the court docket or the prosecution's efforts by informing both the prosecution and the clerk of the court five days prior to the date set for trial that if the motion to dismiss were denied, his client would elect to proceed as an adult. Defense counsel also notified the court at the time of his client's request for a jury trial that his client would waive any right to a speedy trial and would consent to a continuance of up to 30 days so that the case could be set for jury trial.

failure to provide any more specific or persuasive reasons for denying Doe's request, the court's decision was unjustified.

For the foregoing reasons, we reverse the decision of the district court and remand for jury trial.

EAST, Senior District Judge, dissenting:

I respectfully dissent from the result reached by the majority in this case. Doe wanted heads on both sides of justice. He first sought the benefits of the FJDA on his challenge to the information .on grounds which were open only to an accused juvenile delinquent, and then on the eve of an evidentiary hearing by the District Court on the charge of delinquency, he elected "to be proceeded against as an adult . . . ." I cannot read § 5031 as authorizing an alleged juvenile delinquent to "be proceeded against under [the FJDA] . . . ." for some juvenile beneficial reasons and then in midstream request "to be proceeded against as an adult . . . ." with the right of a jury trial. An accused juvenile delinquent should be required, upon advice of counsel, to timely exercise his leave "to be proceeded against as an adult . . ." before placing any adjudicatory issue before the Court.

I would affirm.