STATE OF NEW JERSEY IN THE INTEREST OF G.W.,
JUVENILE-APPELLANT.

STATE OF NEW JERSEY IN THE INTEREST OF C.C.,
JUVENILE-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 23, 1985—Decided December 5, 1985.

Before Judges FRITZ, BRODY and GAYNOR.

*John M. Apicella,* Assistant Deputy Public Defender, argued the cause for appellant G.W. (*Thomas S. Smith,* Acting Public Defender, attorney; *John M. Apicella,* of counsel and on the brief).

*Alan I. Smith,* Designated Counsel, argued the cause for appellant C.C. (*Thomas S. Smith,* Acting Public Defender, attorney; *Alan I. Smith,* on the letter brief).

*Thomas E. Bracken,* Assistant Sussex County Prosecutor, argued the cause for respondent (*Richard E. Honig,* Sussex County Prosecutor, attorney; *Thomas E. Bracken,* of counsel and on the brief).

The opinion of the court was delivered by

BRODY, J.A.D.

These 17-year-old juveniles were charged with conduct that if committed by adults would constitute murder and robbery of one victim and burglary of his home, and aggravated sexual assault and robbery of another victim and burglary of her

home. The juveniles lived together in the same household. The alleged murder victim was an 82-year-old neighbor who had previously filed a juvenile complaint against G.W. The alleged sexual assault victim is G.W.'s 71-year-old grandmother. The juveniles were taken into custody and detained.

 Pursuant to *N.J.S.A.* 2A:4A–38(i) and *R.* 5:21–3(b), the Family Part determined, after a hearing, that there was probable cause to believe that the juveniles had committed the conduct alleged in the complaints. That finding is necessary to detain a juvenile who is not likely to appear at the next court proceeding, or who poses a threat to the community, has been charged with conduct that would constitute an adult crime or with repetitious disorderly persons offenses, and is likely to receive a custodial disposition. *N.J.S.A.* 2A:4A–34c. Nine months later, pursuant to *N.J.S.A.* 2A:4A–26 and *R.* 5:22–2, Judge Graves waived the Family Part's jurisdiction and referred the cases to the Law Division where the juveniles are to be tried as adults. He based his order on a finding that the juveniles failed to prove by a preponderance of the evidence that either can be rehabilitated by age 19. We granted the juveniles' motions for leave to appeal that order, consolidated the appeals and now affirm.

The juveniles do not contest the adequacy of the evidence demonstrating probable cause or the inadequacy of the evidence of timely rehabilitation. G.W. contends that the Family Part erred in refusing to accept his guilty plea to the charges. He also contends that *N.J.S.A.* 2A:4A–26 unconstitutionally places on him the burden of proving that the probability of his rehabilitation before age 19 substantially outweighs the reasons for waiver. Both juveniles contend that Judge Graves erred in refusing to conduct a second evidentiary hearing to establish probable cause as part of the waiver proceedings.

 At the detention hearing, G.W. offered to plead guilty and give a factual basis for the conduct with which he was charged. The judge refused to accept the pleas because the State had already moved for waiver and referral to the Law

Division. G.W. contends that the judge was obliged to accept his pleas, thereby averting waiver and referral, because *R.* 3:9–2, made applicable in the Family Part by *R.* 5:1–1, gives a juvenile the unqualified right to plead guilty if he provides an adequate factual basis for his plea.

*R.* 3:9–2 provides in relevant part:

A defendant may plead only guilty or not guilty to an offense. *The court, in its discretion, may refuse to accept a plea of guilty* and shall not accept such plea without first addressing the defendant personally and determining by inquiry of the defendant and others, in the court's discretion, that there is a factual basis for the plea and that the plea is made voluntarily, not as the result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea.... [Emphasis added.]

The rule expressly permits the court in its discretion to "refuse to accept a plea of guilty" even though it is offered voluntarily and knowingly. The judge correctly refused to accept the pleas here. Acceptance of the pleas in the Family Part would have circumvented the authority given the prosecutor under *N.J.S.A.* 2A:4A–26(a) to move in that court, "without the consent of the juvenile," for an order of waiver and referral. *See United States v. Hayes,* 590 *F.*2d 309 (9 Cir.1979); *United States v. Rombom,* 421 *F.Supp.* 1295 (S.D.N.Y.1976).

Prior to the adoption in 1983 of the New Jersey Code of Juvenile Justice, *N.J.S.A.* 2A:4A–20 *et seq.,* the Juvenile and Domestic Relations Court could waive its jurisdiction and refer a serious case to the Law Division for criminal prosecution if it found, among other things,

... that adequate protection of the public requires waiver and is satisfied [that] there are no reasonable prospects for rehabilitation of the juvenile prior to his attaining the age of majority by use of the procedures, services and facilities available to the court.

[*N.J.S.A.* 2A:4–48c]

The court had to determine under the prior statute if a juvenile was likely to be rehabilitated by age 21 and if so, whether he should nevertheless be criminally prosecuted for the protection of the public. *State in the Interest of C.A.H. & B.A.R.,* 89 *N.J.* 326 (1982).

The corresponding provisions in the Juvenile Code read:

However, if in any case the juvenile can show that the probability of his rehabilitation by the use of the procedures, services and facilities available to the court prior to the juvenile reaching the age of 19 substantially outweighs the reasons for waiver, waiver shall not be granted.

[*N.J.S.A.* 2A:4A–26 a (3) ]

The Legislature not only shortened the deadline for rehabilitation to age 19, but also expressly placed on the juvenile the burden to show that the probability of his timely rehabilitation "substantially outweighs" the reasons for trying him as a criminal defendant. G.W. contends that facts that would weight the balance against him are "elements of an offense" that the statute unconstitutionally requires him to disprove.

Consistent with constitutional mandate, *N.J.S.A.* 2C:1–13(a) provides:

No person may be convicted of an offense unless each element of such offense is proved beyond a reasonable doubt. In the absence of such proof, the innocence of the defendant is assumed.

*N.J.S.A.* 2C:1–14, "General definitions," contains a definition of "element of an offense" that includes:

h. "Element of an offense" means (1) such conduct or (2) such attendant circumstances or (3) such a result of conduct as

. . . .

(e) Establishes jurisdiction or venue; . . . .

G.W. argues that the foregoing definition requires the State to prove beyond a reasonable doubt that his conduct was such that the Law Division has jurisdiction to try him as an adult.

The definitions found in *N.J.S.A.* 2C:1–14 of the Code of Criminal Justice are expressly limited to the definition of words used "[i]n this Code." The waiver and referral procedure for establishing jurisdiction in the Law Division over a juvenile is found in the Code of Juvenile Justice, not the Code of Criminal Justice. Beyond this distinction, we note that the "jurisdiction" referred to in the Criminal Code definition of the elements of an offense is territorial jurisdiction, defined in *N.J.S.A.* 2C:1–3.

Before the Family Part can waive jurisdiction it must find that there is "probable cause to believe that the juvenile com-

mitted a delinquent act or acts which if committed by an adult would constitute" any one of various serious crimes including murder, robbery and aggravated sexual assault. *N.J.S.A.* 2A:4A–26(a)(2)(a). Both juveniles requested Judge Graves to conduct an evidentiary hearing to establish probable cause even though probable cause that they committed the same acts had been established nine months earlier as an adjunct to the detention hearing. The judge denied their request after counsel for both juveniles were unable to represent that they had any evidence that would detract from the State's earlier showing of probable cause. Judge Graves had not conducted the earlier hearing. However, he read a transcript of that hearing, and on the basis of its content he independently found probable cause that the juveniles had committed the adult crimes specified in the waiver statute.

The juveniles argue that Judge Graves misapplied the "law of the case" doctrine in refusing to conduct a second probable cause evidentiary hearing. We disagree. The doctrine was recently discussed in *State v. Reldan,* 100 *N.J.* 187 (1985), where the court permitted the State to relitigate in a new trial a motion to suppress that it had lost at an earlier trial. The court emphasized that the doctrine is to be applied flexibly:

> The "law of the case" doctrine sometimes requires a decision of law made in a particular case to be respected by all other lower or equal courts during the pendency of that case.
>
> [*Id.* at 203]
>
> . . . .
>
> We are satisfied that the "law of the case" doctrine insofar as it is applied to rules or orders of an interlocutory nature is itself discretionary. It should be applied flexibly to serve the interests of justice. A prior ruling of an interlocutory nature cannot be relitigated in a subsequent retrial if relitigation would disserve the interests of justice. Conversely, a prior ruling may be relitigated if these interests are advanced. Thus the proper exercise of this discretion should take into account a number of relevant factors that bear on the pursuit of justice and, particularly, the search for truth.
>
> [*Id.* at 205]

Even though the issue of probable cause may be the same at a detention hearing as it is at a waiver hearing, a juvenile's

attorney is likely to be less equipped to engage in "the search for truth" at the detention hearing. The probable cause hearing adjunctive to detention must be conducted within two days after the initial detention hearing. *N.J.S.A.* 2A:4A–38(i); *R.* 5:21–3(b). The initial detention hearing must be conducted "no later than the morning following the juvenile's placement in custody...." *N.J.S.A.* 2A:4A–38(e); *R.* 5:21–3(a). A juvenile's attorney at that probable cause hearing is unlikely to have received discovery or be fully familiar with the case. By the time of the waiver hearing, however, the juvenile's attorney may have acquired evidence that would cast the State's earlier probable cause evidence in a significantly different light. When that occurs, the "law of the case" doctrine may not bar another evidentiary hearing to reconsider probable cause in light of the new evidence. *See State v. Roccasecca*, 130 *N.J. Super.* 585, 591 (Law Div.1974).

■ It must also be recognized that while the issue of probable cause may abstractly be the same at both stages of the proceedings, there are markedly different consequences to the juvenile. Pre-hearing detention is typically for a brief time, subject to frequent periodic reviews under *R.* 5:21–3(c). Waiver, on the other hand, is forever and may subject the juvenile, as here, to a criminal sentence as extreme as capital punishment. The "law of the case" doctrine therefore may not be applied to bar a careful reconsideration of probable cause at a waiver hearing.

■ Reconsideration of probable cause does not, however, necessarily require a second evidentiary hearing. Judge Graves properly inquired of the juveniles' attorneys if they were prepared to counter any of the evidence in the transcript of the earlier probable cause hearing. The attorneys could not say that they had anything new. Mindful of the serious consequences of his judgment, the judge then made an independent determination of probable cause based upon his evaluation of the evidence in the transcript of the earlier hearing. Judge

Graves said that he was applying the doctrine of "law of the case" to deny the request for a second evidentiary hearing. He did so, however, in the context of a conscientious independent search for truth.

■ Where the State has established probable cause, the court must nevertheless permit a juvenile to submit evidence at the waiver hearing that would minimize his involvement in the offense in order to enhance his chances of being found amenable to rehabilitation. Judge Graves expressly permitted the juveniles to submit such evidence for that purpose.

We have carefully considered the juveniles' remaining points and are fully satisfied that they are clearly without merit. *R.* 2:11–3(e)(2). They are noted here for the record: (1) the waiver order is an appealable final order, (2) the trial judge exceeded his authority by allegedly "instructing" the prosecutor to move for waiver, (3) the trial judge unfairly admitted hearsay evidence offered by the State but excluded hearsay evidence offered by the juveniles, (4) the trial judge committed plain error by failing to state in his opinion that he had considered the juveniles' exposure to capital punishment and (5) C.C.'s trial attorney was ineffective.

Affirmed.