**UNITED STATES OF AMERICA, Plaintiff–Appellee,**

v.

**ROBERT C., a Juvenile, Defendant,**

and

**Brandon S., a Juvenile, Defendant–Appellant.**

No. 99–30164.

D.C. No. CR–98–00040–DWM.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 22, 2001.

---

4. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM[2]

Brandon S., a juvenile, appeals the district court's adjudication of juvenile delinquency following his admission to the commission of aggravated sexual abuse of a minor, in violation of 18 U.S.C. §§ 1153(a) and 2241(a)(1), (2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

Brandon S. contends, and the government concedes,[3] that the district court failed to comply with the requirements of Fed.R.Crim.P. 11(c) during his admission colloquy, by neglecting to inform him that if he proceeded to a hearing on the delinquency allegation, he would have the rights to assistance of counsel and to confront and cross-examine witnesses, and the privilege against compelled self-incrimination.[4] *See* Fed.R.Crim.P. 11(c)(3); *United States v. Youpee,* 419 F.2d 1340, 1344 (9th Cir.1969) (applying Rule 11 to an admission proceeding under the Federal Juvenile Delinquency Act); *see also United States v. Hayes,* 590 F.2d 309, 311 (9th Cir.1979) (concluding that the tendered admission to a delinquency information is analogous to the offer of a guilty plea in a criminal prosecution).

Because the Supreme Court has recognized that juveniles have a constitutional right to assistance of counsel and to confront and cross-examine witnesses, as well as a privilege against self-incrimination in juvenile proceedings, *see In re Gault,* 387 U.S. 1, 34–57, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *United States v. Indian Boy X,* 565 F.2d 585, 591 & nn. 13–14 (9th Cir.1977), we conclude that the failure to inform Brandon S. of his constitutional rights at the admission hearing was not

---

3. Citing to *United States v. Vonn,* 224 F.3d 1152 (9th Cir.2000), *cert. granted,* —— U.S. ——, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001), the government concedes that the failure to inform Brandon S. that he would have the right to counsel at a hearing on the delin-

quency allegation was not harmless error and agrees that the case must be remanded on this issue.

4. Although Brandon S. waived his right to appeal in the plea agreement, this court can examine whether the failure to comply with Rule 11 rendered the waiver of the right to appeal unenforceable. *See United States v. Portillo–Cano,* 192 F.3d 1246, 1250 (9th Cir. 1999).

harmless error. *See* Fed.R.Crim.P. 11(h); *United States v. Gastelum*, 16 F.3d 996, 998–99 (9th Cir.1994) (describing the limited nature of the harmless error exception under Rule 11(h)).

Brandon S. also contends that the district court violated Fed.R.Crim.P. 11(d) by failing to address him personally to determine whether his admission was voluntary. Although the district court questioned Brandon S. about whether he had been threatened by anyone in order to obtain the admission, it failed to question him concerning whether any promises apart from those in the plea agreement had been made to induce his guilty plea. *See* Fed.R.Crim.P. 11(d); *United States v. Michlin*, 34 F.3d 896, 899 (9th Cir.1994) (indicating that the purpose of Rule 11(d) is to determine whether or not promises have been made and what those promises are). We need not reach this issue, however, to resolve this appeal.

Because the admission colloquy did not comply with the requirements of Rule 11(c), we vacate the admission and remand to the district court for further proceedings consistent with this disposition.

VACATED and REMANDED.