## MATTER OF ACCARDI

### In Exclusion Proceedings

### A-5170719

*Decided by Board June 4, 1973*

(1) An alien brought involuntarily to the United States under authority of a Presidential warrant issued in connection with extradition proceedings and paroled under section 212(d)(5) of the Immigration and Nationality Act for prosecution, was properly held for exclusion proceedings where, upon release from prison, he indicated unwillingness to return to the country whence he came and an interest in admission to the United States.

(2) While 8 CFR 212.5 authorizes the District Director to parole an alien into the United States pursuant to the provisions of section 212(d)(5) of the Act, the regulation does not limit such parole authority solely to the District Director.

(3) A grant of parole "indefinitely" is not in contravention of a grant of parole "temporarily" within the contemplation of section 212(d)(5) of the Act.

EXCLUDABLE: Act of 1952—Section 212(a)(23) [8 U.S.C. 1182(a)(23)]—Convicted of a violation of law relating to the illicit possession of or traffic in narcotic drugs, prior to entry.

ON BEHALF OF APPLICANT:
Jack Wasserman, Esquire
1707 "H" Street, N.W.
Washington, D.C. 20006

ON BEHALF OF SERVICE:
David L. Milhollan
Appellate Trial Attorney

This is an appeal from an order of an immigration judge dated September 19, 1972, finding the applicant excludable under the provisions of section 212(a)(23) of the Immigration and Nationality Act. The appeal will be dismissed.

Applicant is a 70-year-old married male alien, a native of Italy. He became a naturalized citizen of the United States in 1945. He was denaturalized in 1953. It has been verified that the applicant is now stateless (Ex. 12).

In a decision dated August 18, 1955, the applicant was found deportable pursuant to section 241(a)(4) of the Act, as an alien who had been convicted of a crime involving moral turpitude within five years after entry. On August 18, 1955, the Board dismissed the appeal from this decision. A suit for a declaratory judgment was filed in the United States District Court, District of Columbia, on

367

August 23, 1955, which suit was dismissed by stipulation. Applicant was arrested on the basis of an indictment filed on August 18, 1955 with the United States District Court, Southern District of New York, charging him with the sale and possession of narcotics and conspiring to sell narcotics. On September 28, 1955, applicant failed to appear for trial, his bail bond of $75,000 was forfeited, and a bench warrant was ordered. His immigration bond of $5,000 was declared breached on October 12, 1955. A warrant for his deportation was issued by the Service on May 10, 1956. However, applicant was located in Sicily, having left the United States by boat on March 1, 1956.

Under authority of a Presidential warrant issued in connection with extradition proceedings, applicant arrived in the United States on November 12, 1963, by air, in the custody of United States narcotic agents. The Immigration Service prepared a Form I-94, which states: "Paroled INDEFINITELY Per Authority of NERO to custody of Geo BELK, US Narcotics, NY." On August 24, 1964, after trial, he was convicted in the United States District Court for the Southern District of New York of sale and possession of narcotics and conspiring to sell narcotics. He was sentenced to five years on each of three counts running consecutively and fined $16,000. The Service detainer notice to the Federal House of Detention, New York, dated September 3, 1964, reads, "alien paroled into United States for prosecution section 212(d)(5)." On April 4, 1972, applicant was released from his imprisonment at the Federal penitentiary, Atlanta, Georgia. On April 14, 1972, he was paroled for the purpose of reporting to the Service at Newark, New Jersey and was served with Form I-122, notifying him that he was being detained for a hearing before an immigration judge pursuant to the provisions of section 235(b) of the Act because it appeared that he might be excludable under section 212(a)(23) of the Act. On the same date, he was reparoled indefinitely pending conclusion of the hearing in exclusion proceedings.

We reject counsel's contention that the Attorney General is authorized to parole only those who are applicants for admission. The power of Congress to determine the conditions under which aliens may enter and remain in the United States is beyond question, *Shaughnessy* v. *U.S. ex rel. Mezei*, 345 U.S. 206 (1953); *U.S. ex rel. Knauff* v. *Shaughnessy*, 338 U.S. 537 (1950); *Siu Fung Luk* v. *Rosenberg*, 409 F.2d 555 (C.A. 9, 1969). The legislative history of the parole provisions of section 212(d)(5) of the Act reveals that they were enacted in compliance with a recommendation by the Attorney General that he be given the necessary authority to parole aliens for purposes which are in the public interest. Among the latter was "purposes of prosecution" (S. Rept.

368

No. 1137, 82d Cong., 2d sess., pp. 12-13) — the very purpose for which parole was here used. See *Matter of K—*, 9 I. & N. Dec. 143 (BIA, 1959; A.G. 1961).

The applicant, in departing from the United States to Italy on March 1, 1956 while a deportation order was still outstanding, deported himself; section 101(g) of the Act. There is no dispute over the fact that the applicant returned to the United States involuntarily on November 12, 1963, pursuant to a Presidential warrant of arrest. At the time he arrived in the United States, he was not an applicant for admission. However, as it is empowered, the Service paroled the applicant for the purpose of prosecution and since he has never been free from restraint, he has never accomplished an entry into the United States, *In re Dubbiosi*, 191 F. Supp. 65 (E.D. Va., 1961); *United States v. Vasilatos*, 209 F.2d 195 (C.A. 3, 1954).

During the lengthy prison term served by the applicant, there was no necessity to serve him with a Form I-122 to detain him for an exclusion hearing. He was here in the United States against his will. However, upon his release from prison, it was determined, through counsel and from the applicant himself, that he did not wish to return to Italy. This clearly indicated that the applicant was interested in admission to the United States. It was then that this case was set down for exclusion proceedings. Consistent with the Congressional mandate, the administrative concept of parole, and the decisions of the courts, he is, in theory of law, on the threshold of initial entry, *U.S. ex rel. Tom We Shung v. Murff*, 176 F. Supp. 253 (S.D. N.Y., 1959), affirmed per curiam *U.S. ex rel. We Shung v. Murff*, 274 F.2d 667 (C.A. 2, 1960); *Leng May Ma v. Barber*, 357 U.S. 185 (1958). Parole status is not an admission of an alien to the United States. The delay in setting up the exclusion hearing did not accomplish an entry. We are satisfied that when the Service did detain the applicant for exclusion proceedings, he was an applicant for admission and this was a matter properly subject to exclusion, rather than expulsion, proceedings.

Counsel claims that section 212.5 of the regulations gives authority only to the District Director in charge of the port of entry to parole under the provisions of section 212(d)(5) of the Act. This is not so. Although this regulation permits the District Director to parole under section 212(d)(5), it does not limit this authority solely to the District Director.

The concept of parole referred to by counsel, on appeal, relates to release from prison, confinement or custody under penal law and has no relationship to the concept of parole under the immigration laws. It is counsel's contention that a grant of parole "indefinitely" is in contravention of the meaning of a grant of parole "temporarily" contemplated by section 212(d)(5). We do not

agree. The only meaning we ascribe to the use of the word "temporarily" in this portion of the statute is that the parole would not be permanent. In view of the intention of Congress in providing for parole for "purposes of prosecution," we are satisfied that what the Service meant by use of the word "indefinitely" was that parole was being granted for an unspecified amount of time and certainly did not imply permanent parole.

On appeal, counsel implies that since the applicant was brought into the United States in the custody of United States narcotic agents and was permitted to pass through the Immigration Service without detention by the Service for exclusion proceedings, he entered the United States and was not subject to exclusion. The only case which suggests that the bringing of an alien to this country by authorities other than the Immigration Service constitutes an entry for exclusion purposes is *Blumen* v. *Haff*, 78 F.2d 833 (C.A. 9, 1935), cert. denied 296 U.S. 644 (1935), which was specifically disapproved in *U.S. ex rel. Bradley* v. *Watkins*, 163 F.2d 328 (C.A. 2, 1947), and impliedly disapproved in *U.S. ex rel. Ling Yee Suey* v. *Spar*, 149 F.2d 881 (C.A. 2, 1945).

Counsel asserts that since Italy, the country whence the applicant came, will not accept him, applicant's status should be changed from an excludee to that of an expellee so as to entitle him to a variety of alternative countries to which he may be deported under section 243(a). There is no merit to this contention. Section 237(a) of the Act provides for the immediate deportation of an excluded alien only "to the country whence he came." It does not require the consent of the country to which deportation is ordered. Unlike section 243(a) which pertains solely to deportation proceedings, section 237(a) does not list a variety of alternative countries to which deportation may be proper. Interpretation of the restrictive language of section 237(a) leaves us no option but to apply its terms as long as they stand, *Menon* v. *Esperdy*, 413 F.2d 644 (C.A. 2, 1969); *U.S. ex rel. Milanovic* v. *Murff*, 253 F.2d 941 (C.A. 2, 1958).

In *Klapholz* v. *Esperdy*, 201 F. Supp. 294 (S.D. N.Y., 1961), affirmed 302 F.2d 928 (1962), cert. denied 371 U.S. 891 (1962), the court held that a conviction of an alien of a crime involving moral turpitude while on parole within the country was a ground for exclusion. Accordingly, we find that the conviction of the applicant while on parole was a proper ground for excluding him.

Hence, the applicant's appeal is without merit and the following order will accordingly be entered.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.