UNITED STATES of America, Plaintiff-Appellee,

v.

Agustin MARTIN–PLASCENCIA, aka Ernesto Rico Hernandez, Defendant-Appellant.

No. 75–3305.

United States Court of Appeals, Ninth Circuit.

March 25, 1976.

Rehearing and Rehearing En Banc Denied May 20, 1976.

Glorene Franco, Federal Defender of San Diego (argued), San Diego, Cal., for defendant-appellant.

Richard E. L. Strauss, Asst. U. S. Atty., (argued), Terry J. Knoepp, U. S. Atty., Richard E. L. Strauss, Asst. U. S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

## OPINION

Before CHAMBERS and WRIGHT, Circuit Judges, and EAST,* Senior District Judge.

EAST, Senior District Judge:

Agustin Martin-Plascencia (Appellant) appeals from an adjudication of juvenile delinquency under 18 U.S.C. § 5032 for knowingly and willfully entering the United States from Mexico in violation of 8 U.S.C. § 1325. We affirm.

The juvenile proceedings were conducted by the District Court sitting without a jury pursuant to 18 U.S.C. §§ 5032 and 5033, as amended on September 7, 1974. We note our jurisdiction under 28 U.S.C. §§ 1291 and 1294.

Appellant, a 14 or 15 years of age citizen of Mexico, was arrested within the United States near the Port of Entry at San Ysidro, California on August 31, 1975 on the charge of illegal entry. The instant arrest was the young Appellant's 51st arrest upon charges of immigration law violations.

On this August 31 occasion, the Appellant did not present himself to the officials at the Port of Entry, but rather he surreptitiously by-passed the questioning and inspection areas and, out of the view of the immigration officials, crawled through an opening in a six foot chain link fence and then under a second eight foot chain link fence. Appellant was attempting to scale a concrete wall onto a San Ysidro street when apprehended. At this point of the entry, Appellant was no less than 50 yards into the United States.

We deem the pertinent issues on appeal to be:

(1) Did the District Court err in concluding that Appellant entered the United States illegally?

(2) Did the District Court properly deny Appellant's motion for a jury trial?

A third assignment of error involving the insufficiency of the allegations in the information charging the Appellant is wholly without merit.

*ISSUE 1:*

The Appellant urges that as a matter of law his entry was not illegal under the rationale of *United States v. Oscar,* 496 F.2d 492 (9th Cir. 1974). We reject this contention because the facts in *Oscar* are manifestly distinguishable. The defendants in *Oscar* presented themselves to the immigration officials for inspection at the Port of Entry and deceitfully represented themselves to be United States citizens. The immigration officials were suspicious and directed them to drive their automobile into the inspection area, which was located within the United States, where they were revealed as aliens. The defendants were immediately arrested. This court held under those circumstances that the aliens had not illegally entered the United States in violation of 8 U.S.C. § 1325 "because they were never free from the official restraint of the customs officials at the San Ysidro Port of Entry." *United States v. Vasilatos,* 209 F.2d 195 (3rd Cir. 1954); and *In re Dubbiosi,* 191 F.Supp. 65 (E.D.Va.1961).

The Appellant here while nominally within the confines of the Port of Entry, was at no instant up until the moment of his arrest under any type of official restraint, but to the contrary was exercising his free will, youthful enterprise, and physical agility in evading fixed physical barriers in accomplishing his entry. Whether or not he was

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

ultimately able to run the obstacle course and reach the streets of San Ysidro is beside the point.

We conclude that the Appellant's surreptitious free will entry into the United States at a "place other than as designated by immigration officers" (§ 1325(1), *supra*) was an illegal entry as charged.

*ISSUE 2:*

■ We disagree with the Appellant's contention that the District Court erred in denying the motion for a jury trial.

This court has held prior to the 1974 amendment that a juvenile being processed under the preferential and protective treatment scheme of the Federal Juvenile Delinquency Act, particularly §§ 5032 and 5033, had no constitutional right to a jury trial on the charges. *United States v. Salcido-Medina,* 483 F.2d 162, 164 (9th Cir. 1973); and *United States v. James,* 464 F.2d 1228 (9th Cir. 1972). We now hold that §§ 5032 and 5033, as amended, do not grant unto a juvenile being processed thereunder a statutory right to a jury trial. *United States v. Doe,* 385 F.Supp. 902, 905–07 (D.Ariz.1974).

The District Court's adjudication of juvenile delinquency and the Appellant's sentence to custody for treatment is affirmed.

AFFIRMED.