## MATTER OF BADALAMENTI

### In Exclusion Proceedings

### A-26280821

### *Decided by Board April 4, 1988*

(1) An alien who is extradited to the United States and paroled for the purpose of prosecution does not automatically become an applicant for admission upon termination of parole.

(2) If the parole of an alien who has been extradited to the United States is terminated, he must be given a reasonable opportunity to depart unless there is evidence that he is an applicant for admission.

(3) An extradited alien's failure to depart from the United States within the 7 days granted by the district director does not by itself establish that the alien is an applicant for admission.

(4) Where an alien who is extradited to the United States denies that he is an applicant for admission, claims that he made every effort to depart within the time granted by the district director, and contends that the Government impeded his efforts to depart, the record will be remanded to the immigration judge to allow the alien to submit evidence regarding these matters.

(5) If upon remand it is established that the Government impeded the alien's efforts to depart, such evidence shall weigh against a finding that he was given a fair and reasonable opportunity to depart.

EXCLUDABLE: Act of 1952—Sec. 212(a)(19) [8 U.S.C. § 1182(a)(19)]—Procured entry by fraud or willful misrepresentation of a material fact

Sec. 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

Sec. 212(a)(26) [8 U.S.C. § 1182(a)(26)]—No valid nonimmigrant visa

ON BEHALF OF APPLICANT:
  Lowell J. Gettman, Esquire
  Fragomen, Del Rey & Bernsen, P.C.
  515 Madison Avenue
  New York, New York 10022

  Michael D. Patrick, Esquire
  Campbell, Patrick & Chin
  140 Broadway
  New York, New York 10005

ON BEHALF OF SERVICE:
  Jill H. Dufresne
  Assistant District
  Counsel

BY:  Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated March 30, 1987, an immigration judge found Mr. Badalamenti excludable on all three grounds set forth above, denied his request to withdraw his application for admission, and ordered that he be excluded and deported from the United States. Mr. Badalamenti has appealed. The record will be remanded for further proceedings.

Mr. Badalamenti is a male alien, a native and citizen of Italy. On March 29, 1985, he was extradited by Spain to the United States pursuant to an extradition treaty for the purpose of criminal prosecution. The Government paroled him pursuant to section 212(d)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(5) (1982). Mr. Badalamenti was acquitted of all criminal charges on March 2, 1987. His bail was exonerated on March 9, 1987, but he remained in custody at the request of the Government pursuant to section 235(b) of the Act, 8 U.S.C. § 1225(b) (1982).

By letter dated March 10, 1987, the district director notified Mr. Badalamenti that his parole was revoked because the criminal proceedings for which he was paroled were completed. The district director advised Mr. Badalamenti that he was free to leave the United States at his own expense and directed him to notify the district director's office by the close of business on Friday, March 13, 1987, of arrangements made for his departure on or before March 17, 1987, to a country that was willing to accept him into its territory. He further informed Mr. Badalamenti that his failure to comply with the directive would result in the immediate institution of exclusion proceedings pursuant to sections 235 and 236 of the Act, 8 U.S.C. §§ 1225 and 1226 (1982), and his deportation pursuant to section 237 of the Act, 8 U.S.C. § 1227 (1982). Mr. Badalamenti failed to comply with the district director's directive, and on March 17, 1987, a Notice to Applicant for Admission Detained for Hearing before Immigration Judge (Form I-122) was issued and served,

noting that he appears to be excludable under sections 212(a)(19), (20), and (26) of the Act.

On March 17, 1987, Mr. Badalamenti filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of New York on the ground that he was being unlawfully detained by the Immigration and Naturalization Service. The petition was dismissed without opinion on March 27, 1987. An exclusion hearing was held before an immigration judge on or about March 24, 1987.

On appeal, Mr. Badalamenti contends that he was extradited to the United States pursuant to a treaty of extradition between the United States of America and Spain, and that that treaty accords him 45 days' freedom from custody before exclusion proceedings may be instituted against him.

We find no merit in this contention. We agree with the immigration judge that the treaty of extradition between the United States and Spain does not preclude these proceedings. The provision of the treaty according 45 days within which to depart protects against detention, trial, or punishment for criminal offenses other than those for which the subject was extradited, and exclusion proceedings are not criminal proceedings. *Matter of Exilus*, 18 I&N Dec. 276 (BIA 1982); *cf. INS v. Lopez-Mendoza*, 468 U.S. 1032 (1984).

Mr. Badalamenti also contends that he has been improperly placed in exclusion proceedings because he is not an applicant for admission into the United States. He explains that he was brought to the United States against his will and that he has not sought and does not seek admission into the United States, but he seeks only to leave at the earliest possible moment. As he has not sought admission, he reasons that he is not an applicant, is not excludable, and should be permitted to depart immediately. Mr. Badalamenti concedes that the Government gave him time within which to arrange for his departure but contends that the time was insufficient under the circumstances. Further, he contends that the immigration judge erred in refusing to allow him to submit evidence of his efforts to depart. Mr. Badalamenti claims that his attorney made every effort to arrange for his departure within the time granted by the Service and at one point received permission for him to enter Paraguay. He contends that all arrangements had been made, that all necessary documents had been obtained, and that he was en route to the airport when, without prior notice or warning, the Government prevented his departure.

The Service contends that Mr. Badalamenti must be considered an applicant for admission because his parole has been terminated and he failed to depart within the time granted by the Service.

Sections 235(a) and (b) of the Act direct in pertinent part:

(a) All aliens arriving at ports of the United States shall be examined by one or more immigration officers. . . .

(b) Every alien . . . who may not appear . . . entitled to land shall be detained for further inquiry to be conducted by a special inquiry officer.

Mr. Badalamenti was paroled under section 212(d)(5) of the Act. That section provides:

(5)(A) The Attorney General may, except as provided in subparagraph (B), in his discretion parole into the United States temporarily under such conditions as he may prescribe for emergent reasons or for reasons deemed strictly in the public interest any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

It is clear from the legislative history of this provision that Congress intended to empower the Attorney General to parole an alien for the purpose of prosecution. *See* H.R. Rep. No. 1365, 82d Cong., 2d Sess., *reprinted in* 1952 U.S. Code Cong. and Ad. News 1653, 1706. We have rejected the contention that only an applicant for admission can be paroled. *Matter of Accardi,* 14 I&N Dec. 367 (BIA 1973). The statute specifies that when the purpose of parole has been served, the alien shall be returned to the custody from which paroled and his case shall continue to be dealt with in the same manner as that of any other applicant for admission. When parole is revoked, the applicant is, in theory of law, on the threshold of initial entry. *Leng May Ma* v. *Barber,* 357 U.S. 185 (1958).

The Act does not provide, and the Service does not contend, that an alien paroled into the United States automatically becomes an applicant for admission upon termination of his parole. Rather, once the purpose of parole has been served and parole has been terminated, the alien must be given a reasonable opportunity to depart unless there is evidence that he is an applicant for admission. *Matter of Accardi, supra; see also United States ex rel. Bradley* v. *Watkins,* 163 F.2d 328 (2d Cir. 1947). A parolee who cannot or will not depart from the United States will no doubt at some point become subject to exclusion proceedings as an applicant for admission. We do not here define that point but hold only that it does not arise until after the parolee has been given a fair and reasonable opportunity to depart.

We are not satisfied that Mr. Badalamenti is an applicant for admission to the United States. He was brought here against his will and he insists that he is not an applicant for admission. The only evidence offered by the Service to prove that he is an applicant for

admission is his failure to depart within the time allotted him by the Service. That time was approximately 7 days. Time alone, especially a relatively short period of time such as is involved here, is not dispositive of the issue. Also relevant are the alien's efforts to depart and any particular difficulties the alien may have in departing. Mr. Badalamenti contends that he made every effort to depart and that the Government "reneged on its agreement and prevented his departure to Paraguay."

Mr. Badalamenti attempted to submit evidence regarding these matters, but the immigration judge would not receive it. The immigration judge erred. Therefore, we will remand the record to allow the applicant an opportunity to submit evidence of his efforts to depart from the United States. Mr. Badalamenti also now claims that he has received written notice from a country willing to accept him. This evidence may also be submitted to the immigration judge. Any evidence that the United States Government impeded his efforts to depart should weigh against a finding that he was given a fair and reasonable opportunity to depart. If on remand the immigration judge determines that Mr. Badalamenti was not given a fair and reasonable opportunity to depart, exclusion proceedings should be terminated as premature.

ORDER: The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion and the entry of a new decision.