**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mario OCHOA–GARCIA, Defendant–**
**Appellant.**

No. 02–50105.
D.C. No. CR–01–02075–BTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 2003.

Decided April 23, 2003.

**54**

Before BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

### MEMORANDUM *

Mario Ochoa–Garcia appeals his conviction for being a deported alien found in the United States. *See* 8 U.S.C. § 1326. We affirm.

 While Ochoa raises three separate issues, each of them revolves around his claim that he never entered the United States because he was under official restraint from the moment he stepped over the border to the time of his physical capture. *See United States v. Gonzalez–Torres,* 309 F.3d 594, 597–99 (9th Cir. 2002); *United States v. Pacheco–Medina,* 212 F.3d 1162, 1166 (9th Cir.2000). We disagree. The record makes it plain that Ochoa was not under constant surveillance from the moment he came onto United States soil.[1] That means that he did manage to enter. *See United States v. Hernandez–Herrera,* 273 F.3d 1213, 1218–19 (9th Cir.2001); *United States v. Ramos–Godinez,* 273 F.3d 820, 824–25 (9th Cir. 2001); *United States v. Castellanos–Garcia,* 270 F.3d 773, 775 (9th Cir.2001); *Martin–Plascencia,* 532 F.2d at 1317–18.

Therefore, the indictment was not defective. *See United States v. Lualemaga,* 280 F.3d 1260, 1263 (9th Cir.2002). Moreover, the evidence was sufficient to support the verdict. *See Pacheco–Medina,* 212 F.3d at 1163. Finally, the dearth of evidence of official restraint relieved the district court of any obligation to instruct the jury on

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Among other things, he was not seen as he entered and he did not even trigger a seismic sensor until he was 100 yards into this coun-

---

that doctrine. *See Castellanos–Garcia,* 270 F.3d at 777.

AFFIRMED.

---

try. *See United States v. Martin–Plascencia,* 532 F.2d 1316, 1317 (9th Cir.1976).

