20-2222-ag
Gutierrez Perez v. Garland

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand twenty-two.

PRESENT:  ROSEMARY S. POOLER,
          RAYMOND J. LOHIER, JR.,
          ALISON J. NATHAN,
                  *Circuit Judges*.

-----------------------------------------------------------------

RAMON ALBERTO GUTIERREZ PEREZ, AKA
RAMON GUTIERREZ, AKA RAMON A.
GUTIERREZ, AKA RAMO GETURREZ,

      *Petitioner*,

    v.                                        No. 20-2222-ag

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

*Respondent.*

------------------------------------------------------------------

FOR PETITIONER:                    Tadhg Dooley, Wiggin and
                                   Dana LLP, New Haven, CT,
                                   *and* Joshua Altman, Samantha
                                   Bensinger, Akanksha Shaw,
                                   Law Students, Yale Law
                                   School Advanced Appellate
                                   Litigation Project, New Haven,
                                   CT

FOR RESPONDENT:                    Karen L. Melnik, Jonathan
                                   Aaron Robbins, Trial
                                   Attorneys, Erica B. Miles,
                                   Acting Assistant Director,
                                   Office of Immigration
                                   Litigation, *for* Brian M.
                                   Boynton, Principal Deputy
                                   Assistant Attorney General,
                                   Civil Division, United States
                                   Department of Justice,
                                   Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the petition for review is DENIED.

Petitioner Ramon Alberto Gutierrez Perez, a native and citizen of the

Dominican Republic, seeks review of a July 2, 2020 decision of the BIA

dismissing his appeal of a January 30, 2020 decision of an Immigration Judge

("IJ") ordering him removed.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to deny the petition.

Gutierrez Perez, a permanent resident of the United States, was convicted in New York of the following: third-degree attempted possession of a controlled substance in 1988, and first-degree criminal possession and sale of a controlled substance in 2002.   In 2002, during the trial for the second conviction, he fled the United States and returned to the Dominican Republic.   He was sentenced in absentia to a term of at least twenty-two years to life imprisonment.   Seven years later, in June 2009, Gutierrez Perez was extradited from the Dominican Republic and returned to New York, where he was paroled into the United States and transferred into state custody to serve his sentence.

Since 2009, the Government has served Gutierrez Perez with three Notices to Appear ("NTA"), each charging him as inadmissible under 8 U.S.C. § 1182(a)(2) based on his drug-related convictions.   The first and second removal proceedings, initiated in 2009 and 2019, respectively, were terminated on the ground that Gutierrez Perez had not been given a "reasonable opportunity to depart," without which an involuntary parolee cannot be deemed

3

an "applicant for admission" eligible for removal under § 1182. Matter of Badalamenti, 19 I. & N. Dec. 623, 626 (BIA 1988).

In October 2019 the Government served Gutierrez Perez with the third NTA. In January 2020 the IJ ordered Gutierrez Perez removed after finding that the Government had finally provided sufficient evidence that he had been given a reasonable opportunity to depart. Gutierrez Perez appealed to the BIA, arguing that (1) he was not given a reasonable opportunity to depart as required by the BIA's precedential decision in Badalamenti, (2) res judicata bars the Government from reasserting the charges in the third NTA, and (3) he is not an arriving alien because the Government did not establish that his parole was lawful. The BIA dismissed the appeal, agreeing with the IJ's finding that Gutierrez Perez "became an applicant for admission because the [Department of Homeland Security] submitted evidence establishing that [he] was provided sufficient opportunity to depart." Cert. Admin. R. 3. The BIA also determined that res judicata did not apply because the two prior removal proceedings had not resulted in final judgments, and that Gutierrez Perez's claim of unlawful parole was not supported by evidence.

In the present petition for review, in addition to the arguments made to the

4

BIA as noted above, Gutierrez Perez also argues that the IJ erred in refusing to grant a suppression hearing about the legality of his extradition and parole, and that equitable estoppel bars the Government from removing him.

"Where, as here, the BIA adopts the IJ's reasoning and offers additional commentary, we review the decision of the IJ as supplemented by the BIA." Brathwaite v. Garland, 3 F.4th 542, 547 (2d Cir. 2021). While we review de novo all question of law, including the application of law to facts, see Scarlett v. Barr, 957 F.3d 316, 326 (2d Cir. 2020), we apply the "substantial evidence" standard in our review of the agency's factual findings, see Islam v. Gonzales, 469 F.3d 53, 55 (2d Cir. 2006). We uphold the agency's factual findings if "they are supported by reasonable, substantial and probative evidence in the record." Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009) (quotation marks omitted).

**I.     Inadmissibility**

Gutierrez Perez argues that he lacked notice of his right to a reasonable opportunity to depart. We disagree and conclude that the agency's conclusions to the contrary were supported by substantial evidence. Gutierrez Perez has known about his right to depart voluntarily since at least 2011, when his counsel asked an IJ to terminate the first removal proceeding "to allow him to take

advantage of the case of [Badalamenti,] . . . to withdraw [] his supposed application for admission, and to depart on his own" upon release by state authorities.   Cert. Admin. R. 175.   At that hearing, Gutierrez Perez's counsel asked for "a reasonable amount of time of, say seven to 10 days, to depart the country voluntarily."   Id.   Gutierrez Perez was again put on notice of his right to depart in September 2019, when an IJ terminated his second removal proceeding because he had not been given a reasonable opportunity to depart.[1] Lastly, after the third NTA was issued, he received written notice in November 2019 through an email sent to his attorney.   At oral argument, Gutierrez Perez's counsel acknowledged that "[u]nder Badalamenti, there's not a specific requirement that a written notice is provided at a certain date."   Oral Arg. at 12:10–12:16.

Substantial evidence also supports the agency's conclusion that Gutierrez Perez was given a reasonable opportunity to depart and is therefore removable under 8 U.S.C. § 1182.   Between June 2019 and January 2020, the Government twice attempted – in person and over e-mail – to discuss and facilitate his

---

[1] During oral argument, Gutierrez Perez's counsel acknowledged that "an IJ in . . . [removal] proceeding two could theoretically have provided notice" sufficient for the initiation of a third removal proceeding by the Government.   Oral Arg. at 16:31–16:40.

voluntary departure, but Gutierrez Perez refused to engage in such discussions.

During the third removal proceeding, the Government submitted e-mail records reflecting these discussions, including the Government's offer to terminate the removal proceedings if Gutierrez Perez agreed to depart voluntarily. The Government also submitted an Immigration and Custom Enforcement official's declaration confirming that government agents "attempted to interview Gutierrez [Perez] regarding his intent to depart voluntarily from the United States" but that he "refused to answer any questions." Cert. Admin. R. 127. "A parolee who cannot or will not depart from the United States will no doubt at some point become subject to . . . proceedings as an applicant for admission." Badalamenti, 19 I. & N. Dec. at 626.

**II.   Res Judicata**

We also conclude that neither Gutierrez Perez's 2013 nor his 2019 removal proceedings have res judicata effect barring the Government from pursuing charges against him in his 2020 removal proceedings. "In deciding whether a suit is barred by res judicata, it must first be determined that the second suit involves the same claim or — nucleus of operative fact — as the first suit." Channer v. DHS, 527 F.3d 275, 280 (2d Cir. 2008) (quotation marks omitted).

7

"When a subsequent action involves a claim over ongoing conduct and it relies on facts that occurred both before and after the earlier action commenced," res judicata "will not bar a suit . . . based upon legally significant acts occurring <u>after</u> the filing of a prior suit that was itself based upon earlier acts." TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 501 (2d Cir. 2014) (quotation marks omitted).

During his first removal proceedings in 2013, Gutierrez Perez was a parolee serving a state criminal sentence who could not voluntarily depart the United States, and the Government had yet to interview him about his plans to leave the country. The operative facts underlying his first removal proceeding were thus significantly different from those in existence during his third removal proceeding, when his parole and sentence had ended, he was transferred to DHS custody pending his departure or removal, and the Government had interviewed him. <u>See</u> Cert. Admin. R. 3, 168–70. Under these circumstances, res judicata "will not bar" the third removal proceeding. TechnoMarine, 758 F.3d at 501.

We turn next to any preclusive effect the second removal proceeding may have had on Gutierrez Perez's third proceeding. "It is well established that a dismissal without prejudice has no res judicata effect on a subsequent claim." Camarano v. Irvin, 98 F.3d 44, 47 (2d Cir. 1996). Because his second removal

8

proceeding was terminated without prejudice, it had no res judicata effect on the third removal proceeding at issue here.

### III.   Suppression Hearing and Equitable Estoppel

Gutierrez Perez also challenges the IJ's denial of his request for a suppression hearing.   We are not persuaded.   An individual requesting a suppression hearing "must first provide an affidavit that, taken as true, <u>could</u> support a basis for excluding the evidence."   <u>Zuniga-Perez v. Sessions</u>, 897 F.3d 114, 125 (2d Cir. 2018) (quotation marks omitted).   Here, Gutierrez Perez failed to submit the required affidavit or any other documentary evidence, even though the IJ granted him two weeks to "add anything else . . . to the record."   Cert. Admin. R. 98.

Finally, Gutierrez Perez argues that the Government is barred from removing him based on the doctrine of equitable estoppel, which requires "a showing of affirmative misconduct by the government."   <u>Rojas-Reyes v. INS</u>, 235 F.3d 115, 126 (2d Cir. 2000) (quotation marks omitted).   Again, we are not persuaded.   We have previously declined to apply equitable estoppel where the petitioner "introduced no evidence to support his claims beyond his own testimony."   <u>Ahmed v. Holder</u>, 624 F.3d 150, 155 (2d Cir. 2010).   Here, aside

from his own assertions that he was kidnapped and returned to the United States to serve his sentence, Gutierrez Perez does not point to anything in the record that suggests that his extradition was illegal. He has failed to show that his extradition from the Dominican Republic and his subsequent parole were unlawful or involved government misconduct.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court